999 So.2d 7 (2008)
STATE of Louisiana
v.
Gilbert FRANKLIN.
No. 2008 KA 0815.
Court of Appeal of Louisiana, First Circuit.
October 31, 2008.
Doug Moreau, District Attorney, Dylan C. Alge, Larry McAlpine, Brent Stockstill, Assistant District Attorneys, Baton Rouge, LA, for Appellee, State of Louisiana.
Prentice L. White, Baton Rouge, LA, for Defendant/Appellant, Gilbert Franklin.
Before: PARRO, McCLENDON, and WELCH, JJ.
McCLENDON, J.
The defendant, Gilbert Franklin, was charged by bill of information (number XX-XX-XXXX) with driving while intoxicated, fourth offense, a violation of LSA-R.S. 14:98. He initially pled not guilty. The defendant subsequently withdrew his not guilty plea and pled guilty as charged. Following a Boykin examination, the trial court accepted the guilty plea and later sentenced the defendant to imprisonment at hard labor for ten years. The defendant now appeals, urging in a single assignment of error that the trial court erred in accepting his guilty plea to driving while intoxicated, fourth offense, without first ascertaining the validity of the three alleged predicate offenses.

FACTS
Because the defendant pled guilty, the facts of the offense were not fully developed at trial. The following facts were gleaned from the transcript of the Boykin hearing.
Your honor, in reference to docket number X-XX-XXXX, on or about the 26th day of January of 2006, the defendant was observed operating a motor vehicle on *8 Highland Road, driving in the center, in the northbound lane. He was stopped, officers came into contact with him, detected an odor of alcohol about his person, noticed that his eyes were bloodshot and glassy, that his speech was slurred. He was given field sobriety tests, which showed signs of intoxication, a subsequent breath test, with a result of 0.289. The defendant has previously been convicted of operating a motor vehicle while intoxicated, that offense occurring on July 31st of 1991, conviction occurring February 24th, 1992, in the Twenty-Ninth Judicial District court, docket number XX-XX-XXXX. Another driving while intoxicated occurring November 15th of 1995, conviction occurring May 5th, 1997, Nineteenth Judicial District Court, Docket Number 8-96-39. Another conviction for an offense occurring on March the 4th of 1996, conviction occurring on the (sic) May 5th, 1997, in the Nineteenth Judicial District Court, Docket Number 8-96-39. He actually served prison time on that, which increased the ten year look-back provision that the district attorney's office used.

DISCUSSION
The record in this case reflects that, on October 24, 2006, the defendant pled guilty in the Nineteenth Judicial District Court docket number XX-XX-XXXX, in the instant case, and in docket number XX-XX-XXXX, an unrelated case. He was sentenced on February 28, 2007. The defendant moved for reconsideration of the sentence on March 21, 2007. The trial court denied the motion on April 4, 2007. Although the defendant filed a motion for appeal in the unrelated case, docket number XX-XX-XXXX,[1] he did not file a motion for appeal in this case, docket number XX-XX-XXXX, nor did he orally move for an appeal at sentencing.
The defendant filed two writ applications in this court complaining of the trial court's failure to act on his motion for appeal filed March 6, 2007. See State v. Franklin, 2007 KW 1317 and 2007 KW 2163. Although the cases are unrelated, he included both lower court docket numbers, XX-XX-XXXX and XX-XX-XXXX, on his writ applications. This inclusion of both docket numbers may have led to the confusion in this case.
In unpublished decisions, this court ordered the district court to act on the motion for appeal on or before September 11, 2007 (in State v. Franklin, 2007 KW 1317) and January 28, 2008 (in State v. Franklin, 2007 KW 2163). In response to this court's orders, the trial court entered an order of appeal, in both cases, on January 28, 2008.
Under LSA-CCr.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken or the ruling on a motion to reconsider sentence filed pursuant to LSA-CCr.P. art. 881.1. Although the trial court issued an order of appeal in both cases, the record before us is devoid of a motion for appeal by the defendant in connection with this case. Thus, the case is not properly before this court. The defendant's appeal is hereby dismissed.
APPEAL DISMISSED.
NOTES
[1] Correspondence from the district court reflects that, on March 6, 2007, the defendant filed a motion for appeal only in case number XX-XX-XXXX. See State v. Franklin, XXXX-XXXX (La.App. 1 Cir. 10/31/08), 994 So.2d 155, also decided this date.